MADELEINE M. LANDRIEU, Judge.
| iKedrick Johnson was convicted of attempted possession of ecstasy. Following his conviction, he was sentenced as a multiple offender pursuant to La. R.S. 15:529.1 to ten years at hard labor. Mr. Johnson appeals the sentence as unconstitutionally excessive. For the following reasons, we affirm Mr. Johnson’s sentence.
STATEMENT OF THE CASE
Mr. Johnson was charged by bill of information with possession of MDMA (“ecstasy”), a violation of La. R.S. 40:966(C)(3). On June 16, 2009, Mr. Johnson pled not guilty. The trial court denied Mr. Johnson’s motion to suppress evidence and found sufficient probable cause to substantiate the charge against him. After a jury trial, Mr. Johnson was convicted of attempted possession of ecstasy by a unanimous verdict. The trial court sentenced Mr. Johnson to five years at hard labor. Mr. Johnson appealed, and this Court affirmed his conviction and sentence.
While Mr. Johnson’s appeal was pending, the State filed a multiple bill of information pursuant to La R.S. 15:529.1 and an amended bill of information, alleging previous convictions of possession of cocaine and attempted possession of cocaine. After a hearing on the multiple bill, the trial court adjudicated Mr. |2Johnson a third felony offender, vacated his original sentence, and resentenced him to ten years to run concurrently with other sentences imposed that day. This appeal follows.
FACTS
Sgt. Jeff Sislo is an officer assigned to the Criminal Intelligence Narcotics Unit of the New Orleans Police Department. Based on previous information that drugs were being sold in the area, Sgt. Sislo conducted surveillance in the 1200 block of Louisa Street in New Orleans on January 9, 2007. At approximately 1:30 p.m., Sgt. Sislo parked his vehicle to survey the area. Sgt. Sislo testified that within an hour, he began observing what appeared to be multiple drug transactions at the house located at 1217 Louisa Street.
During the first interaction, Sgt. Sislo saw an older man carrying a chainsaw walk up to the door at 1217 Louisa Street. The older man knocked on the door, and a *69 black male came out of the house. The two men turned on the chainsaw as if they were testing its function. The man who had answered the door took the chainsaw and went into the house. A minute later, he returned to the door without the chainsaw, but with a small object that he handed to the older man, who then walked away from the house.
Sgt. Sislo testified that he next observed another man wearing “dirty brown coveralls” approach 1217 Louisa Street and knock on the door. The same man who had previously answered the door walked out of the house onto the porch. He took what appeared to be paper currency handed to him by the man in coveralls and then went back into the house. He returned with a small object and handed it to the man in coveralls, who then walked away. Sgt. Sislo testified that at this point he |sradioed surrounding units to notify them of a suspected narcotics buyer and the direction in which he was walking. Units were unable to locate the suspect.
Sgt. Sislo next observed a white Chrysler Sebring with a convertible top park on the street. The passenger of the vehicle, later identified as Mr. Kevin Baham, exited the car, approached 1217 Louisa Street, and knocked on the door. The same man Sgt. Sislo had observed during the previous two transactions exited the house. Mr. Baham handed to him what looked like paper currency. The man went back into the house and returned with a small object in his hands. He handed the object to Mr. Baham, who then returned to the Chrysler. The Chrysler, driven by a man later identified as the defendant, Mr. Kendrick Johnson, left the area. Sgt. Sislo alerted surrounding units of the suspected narcotics transaction and gave them a description of the vehicle and its passenger. Soon thereafter, the vehicle was stopped by other officers on the detail.
Det. Henley testified that he and his partner, Sgt. Sandoz, stopped the vehicle in the 2800 block of St. Claude Avenue. Det. Henley walked to the driver’s side of the car while Sgt. Sandoz walked to the passenger’s side. Upon their approach, Mr. Baham attempted to ingest what appeared to be vegetable matter. Sgt. San-doz shouted at Mr. Baham to spit out the vegetable matter, which was later identified as marijuana. Det. Henley then asked Mr. Johnson to step out of the car. As Mr. Johnson stepped out of the car, he dropped a small clear bag containing a pinkish-colored pill onto the ground. Det. Henley immediately recognized it to be ecstasy due to its color. Det. Henley arrested Mr. Johnson for possession of ecstasy. Mr. Baham was arrested for possession of marijuana.
ERRORS PATENT
A review of the record for errors patent reveals none.
LDISCUSSION
In his sole assignment of error, Mr. Johnson contends that his ten-year sentence for attempted possession of one pill of ecstasy is excessive under the circumstances, despite his being adjudicated as a triple offender. Specifically, Mr. Johnson argues that his actions did not warrant the maximum sentence imposed by the trial court pursuant to La. R.S. 15:529.1.[1]
*70 A review of the record indicates that no oral or written motion to reconsider the sentence was filed by Mr. Johnson. Accordingly, he has waived any right to review the sentence on appeal or post conviction pursuant to Louisiana Code of Criminal Procedure Article 881.1(E).[2] CONCLUSION
For the above reasons, we affirm Mr. Johnson’s sentence.
AFFIRMED.

. The Habitual Offender Statute, La. R.S. 15:529.1, states in pertinent part:
If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then:
(i) The person shall be sentenced to imprisonment for a determinate term not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction.

. Louisiana Code of Criminal Procedure Article 881.1(E) states in pertinent part:
Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence ... on appeal or review.